UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVE FACE ON WEB, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HIPPOCRATIC SOLUTIONS, LLC, and PETER KOUKOUNAS, <br><br> Defendants. | HONORABLE JOSEPH H. RODRIGUEZ <br><br> Civil No. 15-6874 (JHR/AMD) <br><br> **OPINION** |

      This copyright infringement suit is one of many brought by Plaintiff Live Face on Web, LLC ("LFOW").[1]  Before the Court is Defendants Hippocratic Solutions, LLC, and Peter Koukounas' Motion to Dismiss for failure to state a claim.  LFOW opposes the Motion, and alternatively seeks leave to amend the Verified Complaint.  The Court has considered the written submissions of the parties, without oral argument.  For the reasons set forth below, the Motion to Dismiss is dismissed without prejudice, and LFOW is granted leave to amend its Verified Complaint within 30 days.

### I.    Background

---

[1] According to Defendants, at least 60 other suits have been filed.  In December, 2015, the Judicial Panel on Multidistrict Litigation denied centralization of the suits.  See In re Live Face on Web, LLC Copyright Litig., 2015 U.S. Dist. LEXIS 166050 (J.P.M.L. Dec. 9, 2015).
      Thirteen such suits have been filed in the District of New Jersey; four of which remain open at this time.  All four open cases have been designated related cases pursuant to Local Civil Rule 40.1(c).

The Verified Complaint alleges the following facts. LFOW develops computer software. (Verified Complaint ¶ 8) The copyrighted software at issue allows a website to display a video spokesperson who walks and talks on the computer screen, directing a website visitor's attention to certain aspects of the website. (Id. at ¶ 9)

The website for Defendant Hippocratic Solutions allegedly has this video spokesperson functionality. (Verified Complaint ¶ 19) "[I]n order to display the web spokesperson video on [its] website," Hippocratic Solutions allegedly used LFOW's software without permission. (Id. at ¶ 20)[2]

The Verified Complaint alleges that each time a person visits Hippocratic Solutions' website and views the video spokesperson, a separate violation of LFOW's copyright occurs. (Verified Complaint ¶ 25) LFOW explains, "[w]hen a web browser is directed to a website linked to the LFOW Software, the embedded HTML script tag is read by the web browser and causes the automatic distribution of a copy of the LFOW Software. The LFOW Software is automatically saved by the web browser into cache, and/or a hard drive(s), and loaded into

---

[2] Though not pled in the Verified Complaint, Defendants' moving brief explains how Hippocratic Solutions used LFOW's software without permission:  Hippocratic Solutions purchased the software from non-party, Tweople, Inc., who allegedly copied LFOW's code and sold it as Tweople's own software. (Moving Brief, p. 3)  See also, Live Face on Web, LLC v. Emerson Cleaners, Inc., 66 F. Supp. 3d 551, 558 n.10 (D.N.J. 2014) ("As both LFOW and [Defendant] seem to agree, the alleged principal wrongdoer here is not [Defendant], but Tweople."); Live Face on Web, LLC v. Tweople, Inc., 2014 U.S. Dist. LEXIS 171447, *3-4 (M.D. Fla. Dec. 11, 2014) ("LFOW alleges that Tweople copied its software code, and then used that code in video spokesperson projects Tweople sold to its customers for use on the customers' websites. . . . The remaining Defendants are alleged to be customers of Tweople who purchased video spokesperson projects containing the infringing software codes, whose websites operate using the infringing software code, and who use the software to advertise their products and services.").
   Tweople has filed for chapter 7 bankruptcy protection in the Middle District of Florida. (Moving Brief, p. 3, 10-11) ; see also, Live Face on Web, LLC v. Unlimited Office Solutions, LLC, 14-cv-3777-JEI-AMD (D.N.J.), Docket Entry #18-- Suggestion of Bankruptcy as to Tweople, Inc., filed by Tweople, Inc.

computer memory and/or RAM (random access memory).  As a result of the distribution of the LFOW Software, the specific web spokesperson video is automatically launched and displayed . . . on the . . . website." (Id. at ¶ 13)   Stated more simply, in order for the video spokesperson to appear on Hippocratic Solutions' website, the website causes a copy of LFOW's copyrighted software code to be distributed to each website visitor. (Id. at ¶¶ 27-28)  According to LFOW, this "volitional distribution of the infringing version of the LFOW Software by Defendants to their website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson . . . by virtue of receiving a copy of the infringing version of the LFOW Software." (Id. at ¶ 28)

The Verified Complaint asserts only one claim: "direct, indirect and/or vicarious" copyright infringement. (Verified Complaint ¶ 40)

## II.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Fed.R.Civ.P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### III.   ANALYSIS

Both Defendants assert that the Verified Complaint fails to state a claim for copyright infringement.  Defendant Koukounas also asserts that the Verified Complaint's allegations fail to support any individual liability on his part.

**A.    Copyright infringement**

In December, 2014, Senior United States District Judge Irenas, in three earlier-filed LFOW copyright cases, denied motions to dismiss, holding that the complaints in those cases adequately stated a claim for direct and indirect copyright infringement.  See Live Face on Web, LLC v. Emerson Cleaners, Inc., 66 F. Supp. 3d 551 (D.N.J. 2014); Live Face on Web, LLC v. Linvas Corp., 2014 U.S. Dist. LEXIS 171663 (D.N.J. Dec. 11, 2014); Live Face on Web, LLC v. Unlimited Office Solutions, LLC, 2014 U.S. Dist. LEXIS 171401 (D.N.J. Dec. 11, 2014).  None of the parties to the present suit assert that the alleged facts of the earlier suits materially differ at all from the facts alleged in the instant suit.   Nonetheless, Defendants in this suit contend that their Motion to Dismiss should be granted-- even when the other motions were not-- because they assert an argument so far not raised by any other defendant.  (*See* Moving Brief, p. 7, "This motion does not seek to revisit matters already decided and merely brings to the Court's attention a dispositive argument not previously before it.").

Defendants argue that "[t]he Verified Complaint is fatally flawed for its failure to allege [Defendants'] access to the copyright protected material."  (Moving Brief, p. 7)  According to Defendants, "[w]ithout allegations of access, there cannot be any inference of copying and no copyright infringement as a matter of law."  (Id. at 10)

Couched within the Twombly ∕ Iqbal framework, Defendants argue that LFOW cannot simply rely on conclusory allegations that Defendants copied or distributed LFOW's copyright-protected computer code.  Rather, LFOW must allege *facts* plausibly supporting a conclusion that Defendants violated LFOW's copyright by copying or distributing the code.  Absent a factual allegation of access, Defendants reason, the copying and distributing allegations are implausible.

LFOW disagrees.  While it does not dispute that "'copying' under the Copyright Act *can be* proven inferentially by showing that the defendant had access to the allegedly infringed copyright work," (Opposition Brief, p. 5) (emphasis added), it asserts that alleging and proving access is not the only way.

Indeed, pertinent to the instant Motion, LFOW asserts that outright or literal copying of the copyrighted work[3]-- as opposed to producing material that is substantially similar to the copyrighted work (such as a very similar work of art)[4]-- can itself support an inference of infringing activity.

---

[3]  See, e.g., Dun & Bradstreet Software Servs, Inc. v. Grace Consulting, Inc., 307 F.3d 197, 207-09 (3d Cir. 2002) ("Geac claims that Grace's W-2 programs contain literal copies of [the copyrighted software]. . . . Geac contends that Grace's witnesses admitted . . . copying Geac's copyrighted source code.").

[4]  See, e.g. Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 208 (3d Cir. 2005) ("A showing of substantial similarity . . . , coupled with evidence that the infringing author had access to the original work, permits the fact-finder to infer that the infringing work is not itself original, but rather is based on the original.").

Thus, LFOW explains, the exhibits to the Verified Complaint support a plausible inference of copying: a comparison of Exhibit A1-- LFOW's copyrighted source code, and Exhibit C-- Defendants' website source code, reveal line after line of identical code. (See Opposition Brief, p. 6-8)   According to LFOW, this is sufficient to plausibly support a conclusion that Defendants violated LFOW's copyright.

Alternatively, LFOW seeks leave to amend its Verified Complaint "to clarify or expound upon" its factual allegations of literal copying and/or distributing. (Opposition Brief, p. 16)

Defendants oppose this alternate request, asserting that given the volume of complaints that LFOW has filed across the country, LFOW already has had numerous opportunities to clarify and refine its pleadings.  According to Defendants, allowing amendment would be tantamount to giving LFOW "over sixty bites at the apple." (Reply Brief, p. 1; see also Moving Brief, p. 16)

Amendment will be allowed.  As Judge Irenas previously observed, "applying copyright law to computer code is tricky business, and this Court has very little controlling precedent with which to work." Emerson Cleaners, Inc., 66 F. Supp. 3d at 558 n.10.  The situation today remains the same.  Notwithstanding the numerous complaints filed by LFOW, guidance in the caselaw nationwide is largely absent.  Under such circumstances, it is not inequitable to allow LFOW an opportunity to attempt to put its best pleading forward before ruling on the sufficiency of the factual allegations.   See generally, Phillips, 515 F.3d at 245 ("if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.").  The Verified Complaint in this particular suit has not been amended previously.

Defendants' Motion to Dismiss is dismissed without prejudice.

6

**B.     Individual liability**

Defendant Koukounas asserts that the Verified Complaint makes no meaningful distinction between himself, in his individual capacity, and his corporate entity, Hippocratic Solutions.  While Koukounas does not dispute that, as a matter of law, individuals may be liable for copyright infringement, see Columbia Pictures Indus. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984) ("An officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant."), he asserts that the Verified Complaint fails to plead sufficient facts as to his alleged role in the copyright infringement.  Therefore, he explains, the individual liability claim fails under Twombly ⁄ Iqbal.

Defendant Koukounas is correct.  The Verified Complaint makes only one particularized allegation as to Defendant Koukounas—that he "is a resident of New Jersey and the owner and/or managing member of Hippocratic Solutions and the subject website(s) at issue here." (Verified Complaint ¶ 3)  Similarly, Defendant Hippocratic Solutions is only separately identified one time: "[u]pon information and belief, Defendant Hippocratic Solutions, LLC is a New Jersey limited liability company with a principal place of business [in] Fairfield, New Jersey.  (Id. at ¶ 2)  Throughout the remainder of the 55-paragraph Verified Complaint, Defendants Koukounas and Hippocratic Solutions are collectively referred to as "Defendants."

The Verified Complaint fails to plead sufficient facts to support Defendant Koukounas' individual liability.  However, for the reasons stated above, LFOW may amend the Verified Complaint to attempt to cure the pleading deficiency.

The Motion to Dismiss is dismissed without prejudice.

## IV.  CONCLUSION

For the above-stated reasons, the Motion to Dismiss is dismissed without prejudice, and LFOW is granted leave to amend the Verified Complaint within 30 days.

An appropriate Order accompanies this Opinion.


Date:  June 29, 2016

                                                s/ Joseph H. Rodriguez
                                                Hon. Joseph H. Rodriguez,
                                                UNITED STATES DISTRICT JUDGE